James E. BAILEY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 13, 1995.

Steve Beal, Lexington, for appellant.

Charles W. Burson, Attorney General & Reporter, Christina S. Shevalier, Assistant Attorney General, Criminal Justice Division, Nashville, James G. (Jerry) Woodall, District Attorney General, and Donald H. Allen, Asst. Dist. Attorney General, Jackson, for appellee.

## OPINION

SUMMERS, Judge.

Petitioner, James E. Bailey, pled guilty to two counts of aggravated robbery, one count of robbery, one count of second degree burglary, and one count of forgery. He was sentenced to thirteen years confinement. Later, the parole board revoked his parole on a previous four year sentence and recalculated his sentence at seventeen years. Petitioner filed, pro se, for post conviction relief alleging ineffective assistance of counsel. Petitioner alleges he would not have pled guilty had counsel informed him: (1) that his parole could have been revoked; and (2) that his sentence would run consecutively to the formerly paroled sentence. The trial court dismissed without holding an evidentiary hearing. Petitioner appeals. We affirm.

The issue with which we are faced is whether counsel has rendered ineffective assistance by failing to advise petitioner that a guilty plea could lead to revocation of parole and consecutive sentencing. It appears from the record that neither the defense counsel, the prosecutor, nor the trial judge had knowledge of petitioner's existing four year sentence.[1] However, we assume petitioner knew he was on parole.

The appropriate test for determining whether counsel provided effective assistance at trial is whether his or her perfor-

---

1. Whether petitioner purposely withheld this information, or whether he had informed counsel of his parole status is irrelevant to our resolution of this issue.

mance was within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975). Appellant must establish by a preponderance of the evidence that: (1) the services rendered or the advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases," and (2) but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Porterfield v. Tennessee*, 897 S.W.2d 672, 677–78 (Tenn. 1995).

■ The petition is competently drafted. *Swanson v. State*, 749 S.W.2d 731 (Tenn. 1988). We understand the claim; however, it fails to state a "basic theory of relief" cognizable upon collateral review. *Lowe v. State*, 805 S.W.2d 368, 372 (Tenn.1991). We find *Lowe's* rationale applicable to this case. Therefore, "to state a 'colorable claim' and survive the state's initial motion to dismiss," petitioner must show that he would not have pled guilty absent the alleged omissions. *Id.* at 372.

Petitioner knew or should have known that he was on parole and that his parole status was subject to certain conditions. "Furthermore, we are unpersuaded by claims of ignorance with respect to matters clearly obvious to the everyday layman." *Sheehan v. State*, 411 So.2d 824, 828 (Ala.Crim.App.1981). "Even if *Boykin* requires that a defendant be aware of certain consequences of a guilty plea other than giving up of constitutional rights, we are of the opinion that such a requirement would not apply to a consequence so obvious as separate punishments for separate crimes; a consequence of which the defendant must be presumed to be aware." *State v. Young*, 106 Ariz. 589, 480 P.2d 345, 346–47 (1971).

We find it readily apparent, even to the everyday layman, that criminal convictions can lead to parole revocation. We find it equally apparent that the parole revocating offense's sentence would run consecutively to an existing paroled sentence. *See Sheehan*, 411 So.2d at 828 (stating that most basic logic and reflection makes it apparent that separate offenses merit separate punishments). We, therefore, reject petitioner's argument that he would not have pled guilty had counsel informed him of information he is presumed to possess. To hold otherwise would be nonsensical.

The dismissal of the petition by the trial court is **AFFIRMED**.

WELLES and BARKER, JJ., concur.