# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST 1997 SESSION

FILED

September 18, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **WILLIAM R. WATERS** | ) | |
| | ) | **C.C.A. NO. 01C01-9610-CR-00418** |
| Appellant, | ) | |
| | ) | |
| **VS.** | ) | **DAVIDSON COUNTY** |
| | ) | |
| **STATE OF TENNESSEE** | ) | |
| | ) | **Hon. Thomas H. Shriver** |
| Appellee. | ) | **Judge** |
| | ) | |
| | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**DWIGHT E. SCOTT**
4024 Colorado Avenue
Nashville, Tennessee 37209

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, Tennessee 37209

**MARY HAUSMAN**
Assistant District Attorney
Washington Square Building
222 Second Avenue North
Nashville, Tennessee 37201

**OPINION FILED:_____**

**AFFIRMED**

**JOE H. WALKER, III**
**Sp. JUDGE**

## OPINION

The petitioner entered a plea of guilty to second degree murder, and received a twenty year sentence as a standard offender.

He appeals from the denial of a petition for post-conviction relief, alleging ineffective assistance of counsel. He was assisted by an attorney at the post-conviction hearing, and his petition was denied after a hearing.

On appeal, his attorney asserts that the court erred in denying relief based on ineffective assistance of counsel, and that trial counsel's lack of investigation led to inadequate advice to the petitioner, causing the petitioner to plead guilty to second degree murder, rather than voluntary manslaughter. Petitioner also filed a brief, pro se, alleging that his counsel did not adequately prepare the case, did not adequately investigate the case, which resulted in petitioner incriminating himself by entering a plea of guilty to second degree murder.

## Factual Background

On June 29, 1992, petitioner was at his residence in Davidson County, and his vehicle was parked outside on the street. A group of people were standing around the residence outside. A car came by with two individuals, and the passenger threw a firecracker out the window. The firecracker ignited some gasoline which was leaking from petitioner's vehicle, causing the car to burst into flames. Petitioner came outside to see his car on fire. He was told by some of the individuals who were outside the name of the person who had thrown the firecracker.

Petitioner then left and went to some apartments in Nashville in search of the person who had thrown the firecracker. He did not find that person, but found someone he believed to be driving the car from which the firecracker was thrown, and petitioner then produced a gun and fired twice, and killed the victim with one of those shots.

The public defender was appointed to represent petitioner, and on January 7, 1993, petitioner entered a plea of guilty to second degree murder, upon an agreed sentence of twenty years as a standard offender.

The petitioner had a prior conviction for perjury.

On May 10, 1996, a post-conviction proceeding was conducted, witnesses testified, and the court found that the public defender did an excellent job for petitioner. Many motions were filed, and a complete investigation was done. The office of the public defender interviewed some fifteen witnesses. Petitioner was denying he committed the crime and was going to trial. The public defender was prepared to go to trial, and only after the public defender negotiated a good deal for petitioner did petitioner admit his involvement in the homicide.

**I.**

When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding the evidence preponderates against the judgment. Clenny v. State, 576 S.W.2d 12, 14 (Tenn.Crim.App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170, 60 L. Ed. 2d 1050 (1979) Taylor v. State, 875 S.W.2d 684, 686 (Tenn.Crim.App. 1993), perm. to appeal denied (Tenn. 1994).

The test in Tennessee in determining whether counsel provided effective assistance at trial is whether the performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984), provides a two-prong analysis when a petitioner claims ineffective assistance of counsel. The petitioner has the burden to prove that (1) the attorney's performance was deficient and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Id. at 687, 104 S.Ct. At 2064.

In order to prove prejudice in the context of a guilty plea, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see Bailey v. State, 924 S.W.2d 918, 919 (Tenn.Crim.App. 1995); Wade v. State, 914 S.W.2d 97, 101 (Tenn.Crim.App.1995).

**II.**

The defendant complains that his attorney did not interview some relatives who witnessed his car catch a fire. There was testimony that the public defender did interview these witnesses, and the court found they were interviewed. However, there was no dispute that the car caught

fire. There was no allegation that any of the witnesses, which petitiioner complained about, had anything else to offer, and the State was willing to stipulate that petitioner's car caught fire and exploded.

The events leading up to the shooting were thoroughly investigated. The attorney filed numerous motions, interviewed eight or ten of the fifteen witnesses personally, and completely prepared for trial.

Petitioner also complains that his attorney did not personally visit the scene of the crime. However defense investigators did review the scene, reported to the attorney, and the attorney was already familiar with the area.

Petitioner took the position that he did not commit the crime. Until shortly prior to entering a plea of guilty, he alleged he was elsewhere. Petitioner now complains that his attorney failed to inquire into his state of mind in an effort to show that he acted in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner. His attorney at the post-conviction hearing stated that it was a little hard to discuss mental state at the time of the shooting with petitioner, since petitioner indicated he did not commit the shooting. Petitioner asserts that he finally stopped lying to his attorney, admitted he shot the victim, and that his attorney should have pursued voluntary manslaughter rather than settling for a plea of second degree murder. Petitioner insists that his car exploding caused a state of passion; however, he now admits he obtained a weapon, drove to another location in search of someone, and that it was sometime later when he shot the victim.

There was much negotiation between his attorney and the District Attorney General with regard to a negotiated plea. The petitioner had been convicted of perjury, he remained a suspect in a different murder, and he was also a suspect in an attempted murder. The District Attorney was serious about prosecuting the defendant in this case. His attorney repeatedly tried to settle this case, and testified that he was well pleased with the settlement, based on the fact that the petitioner actually goes looking for somebody and shoots them in the back from a distance of twenty feet. He felt that a second degree murder plea for twenty years at thirty percent under the facts of this case, and the record of the petitioner, was a plea that was in the best interest of petitioner.

During the entry of the plea of guilty, the petitioner himself stated to the court that he was

satisfied with the way his attorney had handled the case, that he had spoken with his attorney about all defenses, and that he was satisfied with the negotiated plea arrangement.

The petitioner has failed to demonstrate that his attorney's performance was deficient, or that there was a probability that he would not have pleaded guilty and would have insisted on going to trial except for his attorney's errors. The evidence does not preponderate against the judgment of the post-conviction court.

The judgment of the lower court is affirmed.

_____
JOE H. WALKER, III
Sp. JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
J. CURWOOD WITT, JR., JUDGE