IN THE COURT OF CRIMINAL APPEALS

AT NASHVILLE

AUGUST 1997 SESSION

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

LORENZO C. WATERS )
)
    Appellant )
)
VS. )
)
STATE OF TENNESSEE )
)
    Appellee. )

C.C.A. NO. 01C01-9609-CR-00402

DAVIDSON COUNTY

Hon. Ann Lacy Johns
Judge

(Post Conviction)

**FOR THE APPELLANT:**

**W. CASEY REED**
211 Printers Alley Building
Suite 400
Nashville, Tennessee 37201

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DARYL J. BRAND**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

**VICTOR JOHNSON**
District Attorney General

**ROGER MOORE**
Assistant District Attorney General
Washington Square Building-Suite 500
222 Second Avenue, North
Nashville, Tennessee 37201

**OPINION FILED:**_____

**AFFIRMED**

**JOE H. WALKER, III**
**Sp. JUDGE**

## OPINION

The appellant, Lorenzo C. Waters, appeals as of right from a judgment of the trial court denying his petition for post-conviction relief, following an evidentiary hearing. Appellant alleges that he received ineffective assistant of counsel when he entered a plea of guilty to murder in the second degree and received a sentence of forty years as a Range II offender.

## Procedural History

Petitioner was indicted on charges of first degree murder and aggravated rape. An assistant public defender was appointed to represent the petitioner. On May 27, 1994, the petitioner entered a plea of guilty to second degree murder, on the negotiated agreement that he would be sentenced as a Range II offender to forty years, and the State would move to dismiss the aggravated rape charge.

Within one year of entry of the plea, petitioner filed for post-conviction relief, alleging ineffective assistance of counsel. Counsel was appointed to assist petitioner and filed an amended petition for post-conviction relief.

The trial court conducted an evidentiary hearing, and announced findings of fact and conclusions. It determined that petitioner failed to carry the burden of proof with the respect to allegations of ineffective assistance of counsel. It found from testimony presented at the hearing that petitioner's counsel fully investigated the matter, well represented the petitioner prior to the entry of a plea, investigated the case, interviewed witnesses, and was diligent, effective and able to negotiate a favorable plea settlement. The trial court further found that petitioner voluntarily plead guilty to second degree murder and that the plea was intelligently and knowingly entered.

## Factual Background

On October 2, 1993, police were called by the live-in boyfriend of the victim, Ms. Stewart. The boyfriend had come home and found the nude body of Ms. Stewart. She had been strangled and had multiple knife wounds. Witnesses placed the petitioner trying to break into the apartment. The petitioner signed a written waiver of his rights and told officers what he had done. Petitioner termed the multiple knife wounds and strangulation as overkill, because he

wanted to make certain the victim was dead when he left her. The victim was pregnant.

# I.

After petitioner was indicted on charges of first degree murder and aggravated rape, a senior assistant public defender, Mike Engle, was appointed to represent petitioner. Attorney Engle had been licensed to practice law in Tennessee for approximately twenty years and had served several years in the Public Defender's Office. He had handled numerous criminal cases, including cases involving charges of first degree murders.

Attorneys from the Public Defender's Office met and discussed the facts of the case with petitioner twenty-two times. Engle testified that they met with petitioner more frequently than some other clients due to the seriousness of the case.

The attorneys obtained full discovery from the state, including both the audio and video tapes of petitioner's statements, as well as the transcripts. Mr. Engle played the tapes for petitioner, so that petitioner could review the tone and inflections of his statements as well as the content. He discussed the statements with petitioner several times. At the preliminary hearing, Attorney Engle was allowed to examine witnesses about the circumstances of the statements, and after a thorough investigation and discussion, Attorney Engle concluded that there did not exist sufficient legal or factual grounds for a motion to suppress the statements.

Petitioner alleges that the attorneys failed to interview two potential witnesses. However, Attorney Engle testified that the witnesses were interviewed and that the testimony would not help the defense. One witness would have testified that he drove petitioner to the scene of the crime at approximately the time the murder occurred. The other witness would have testified that she spoke with petitioner after the murder, before he spoke to police, and told him that there was street talk about his involvement in the murder.

His attorneys explained to petitioner the potential exposure to conviction and the possible punishments. Attorney Engle testified that petitioner appeared to understand. The attorneys obtained petitioner's consent to attempt plea bargain negotiations. They were able to secure a plea bargain to second degree murder, rather than first degree, with the provision that the aggravated rape charge would be dismissed. The transcript of the plea proceeding was made an exhibit to the post-conviction petition hearing and reveals that when entering the plea of guilty, petitioner assured the court that he fully understood the proceedings, that he was waiving his

right to a trial, waiving his right to appeal, and agreed to the plea arrangements. He further told the court that he had had no problems communicating with his attorney and had no complaint about the job that the attorney had done in this case.

## II.

On appeal, the trial court's decision on a petition for post-conviction relief is given the weight of a jury verdict, and the findings of fact are conclusive on appeal absent a finding the evidence preponderates against the judgment. Clenny v. State, 576 S.W.2d 12, 14 (Tenn.Crim.App. 1978), cert. denied, 441 U.S.947, 99 S.Ct.2170 (1979); Taylor v. State, 875 S.W.2d 684, 686 (Tenn.Crim.App. 1993), perm. to appeal denied (Tenn. 1994).

When a petition challenges the effective assistance of counsel, the petitioner has the burden of establishing (1) deficient representation and (2) prejudice resulting from the deficiency. Strickland v. Washington, 466 U.S. 668, 686 (1984); Fredrick v. State, 906 S.W.2d 927 (Tenn. Crim. App. 1993).

Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal defense attorneys. Bankston v. State, 815 S.W.2d 213, 215 (Tenn.Crim.App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceeding would have been different. Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994).

In order to prove prejudice in the context of a guilty plea, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see Bailey v. State, 924 S.W.2d 918, 919 (Tenn.Crim.App. 1995); Wade v. State, 914 S.W.2d 97, 101 (Tenn.Crim.App.1995).

## III.

The petitioner has failed to establish that the evidence preponderates against the judgment of the trial court. He did not establish that his representation was deficient, nor did he show prejudice resulting from a deficient representation.

We agree with the trial court that the petitioner's claim of ineffective assistance of

counsel is without merit.  Accordingly, we affirm the trial court's judgment.

                                _____

                                JOE H. WALKER, III
                                Sp. JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
J. CURWOOD WHITT, JR., JUDGE