IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION

FILED

August 20, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| TERRY L. CHARLTON, | * | C.C.A. # 01C01-9701-CC-00002 |
| Appellant, | * | HICKMAN COUNTY |
| VS. | * | Hon. Cornelia A. Clark, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Peter D. Heil
P.O. Box 40651
Nashville, TN 37204

For Appellee:

John Knox Walkup
Attorney General and Reporter

Daryl J. Brand
Assistant Attorney General
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, TN 37243-0493

OPINION FILED:_____

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

GARY R. WADE, JUDGE

The petitioner, Terry L. Charlton, appeals the trial court's denial of his application for post-conviction relief. In this appeal of right, the petitioner claims that the trial court erred by entering an order of summary dismissal without the appointment of counsel or the opportunity to amend. We must reverse a portion of the judgment and remand to the trial court for further proceedings consistent with this opinion.

**Facts**

On September 19, 1995, the petitioner pled guilty in Hickman County to two counts of aggravated burglary and two counts of theft over $1,000.00. Trial Judge Donald P. Harris imposed Range II sentences of six years on each count and ordered two of the sentences to be served consecutively for an effective term of twelve years. The twelve-year term was ordered to be served concurrently "with [a] sentence [the defendant is] currently serving [with] TDOC" for a prior conviction in Cheatham County.

On September 11, 1996, the petitioner completed and mailed this petition, alleging that his pleas were "involuntar[y] ... without understanding the nature or consequences...." At the same time, the petitioner filed a motion to amend the September 19, 1995, order in Hickman County asking that these sentences also be served concurrently with a sentence imposed by Judge Clark in Williamson County some twenty-seven days after the Hickman County plea agreement. The Williamson County sentence of twenty-one years had been ordered to be served consecutively to the Hickman County term.

The record establishes that the petitioner was serving an eighteen-

year Cheatham County sentence in the Department of Correction at the time of the Hickman County sentence. After determining that the transcript of the guilty plea established that Judge Harris, who imposed the Hickman County sentences, had sought clarification before accepting the plea, Judge Clark denied relief. In doing so, she recited a portion of the submission hearing transcript:

> Judge Harris: I cannot run a sentence concurrent with the sentence that you haven't gotten yet. It will be up to that judge [Cornelia A. Clark]. I feel confident that if somebody tells her that that was the agreement down here, that she'll run it concurrent, but I can't guarantee you, and she may say ["no, it's consecutive"]. I am certainly not going to try to say what Judge Clark will do.

After this statement, the assistant district attorney general assured the trial court that the concurrent sentence agreement applied only to the Cheatham County sentence. When asked whether he was satisfied with that, the defendant answered, "Yes, that will be fine. Sentences I am already serving. I've already got eighteen years."

In dismissing the petition and motion, Judge Clark further observed as follows:

> This court has recently reviewed the videotape of the sentencing hearing in Williamson County. The written and videotape record is clear. The attorneys did recite the prior sentences imposed on the defendant. However, no assertion was made that any agreement had been entered into or recommendation made to run the sentence concurrently. In fact, no mention whatsoever was made of the discussion that occurred in Hickman County one month earlier.

After making reference to the dismissal of the post-conviction petition, the trial court also ruled that the motion to amend the Hickman County sentence by asking for concurrent service with the Williamson County sentence was not only untimely but also without merit. See Tenn. R. Crim. P. 35.

In a motion for reconsideration filed twelve days after the initial order,

3

the petitioner reasserted that his guilty plea was involuntary. He insisted that portions of the transcript supported his claim that he did not understand that the Williamson County sentences could be consecutive. Of greater significance, the petitioner reiterated his complaint that the Department of Correction had refused to treat the Hickman County sentences as concurrent with his Cheatham County term because of a parole violation on the latter sentence. See Tenn. R. Crim. P. 32(c)(3)(A).[1] In denying the motion to reconsider, Judge Clark made the following observation:

> During the [Hickman County] hearing, no one specifically stated that the Cheatham County convictions were sentences imposed as a result of the parole violation. In fact, statements made by petitioner seemed to indicate that they were simply other sentences imposed. It is apparent that neither ... [J]udge [Harris] nor any attorney knew that petitioner's Cheatham County sentences were imposed as a result of a parole violation. However, it is clear that the petitioner knew or should have known his status.

The trial judge cited a case in which a panel of this court had ruled that because it is commonly known that a criminal conviction qualifies as a ground for parole revocation which, in turn, requires a consecutive sentence, the ensuing guilty plea under these circumstances is knowingly and voluntarily entered. Bailey v. State, 924 S.W.2d 918 (Tenn. Crim. App. 1995). Judge Clark ruled that based upon the Bailey opinion from this court, the petitioner could not claim ignorance of the law.

In Bailey, the trial court had entered a summary dismissal of a post-conviction petition based upon the allegation of ineffective assistance of counsel by

---

[1]Mandatory Consecutive Sentences. Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

(A) To a sentence for a felony committed while on parole for a felony.

Tenn. R. Crim. P. 32(c)(3)(A).

the failure to warn that a guilty plea could lead to revocation of parole and consecutive sentencing. By footnote, the panel explained that whether counsel was aware of his parole status was irrelevant because the petitioner knew or should have known that he was on parole with conditions:

> We find it readily apparent, even to the everyday layman, that criminal convictions can lead to parole revocation. We find it equally apparent that the parole revocating offense's sentence would run consecutively to an existing paroled sentence.... We, therefore, reject petitioner's argument that he would not have pled guilty had counsel informed him of information he is presumed to possess.

Bailey, 924 S.W.2d at 919. In that case, the panel relied primarily upon a holding in Sheehan v. State, 411 So. 2d 824, 828 (Ala. Crim. App. 1981). The panel also made reference to an Arizona case, State v. Young, 480 P.2d 345 (Ariz. 1971), which held that a defendant must be "presumed to be aware" when entering a guilty plea, of the concept of "separate punishments for separate crimes...." Id. at 346-47. In Bailey, there was no application for permission to appeal to the supreme court.

## Procedure

Upon the filing of a post-conviction petition in proper form, or upon receipt of an amended petition, our law requires trial courts to subject the petition to "preliminary consideration." Tenn. Code Ann. § 40-30-206. During this preliminary phase, the trial judge must examine the allegations of fact in the petition. "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief ... the petition shall be dismissed." Tenn. Code Ann. § 40-30-206(f). In Waite v. State, 948 S.W.2d 283 (Tenn. Crim. App. 1997), our court discussed how to determine, under the new Act, whether a claim is "colorable" or actionable. If so, the petition is allowed to pass beyond the preliminary stage. This court relied on case law prior to the 1995 Act to hold that a colorable claim is "'one that alleges facts showing that the conviction resulted from an abridgment of a constitutional right and which

5

demonstrates that the ground for relief was not previously determined or waived.'" Id., 948 S.W.2d at 284-85 (quoting Hugh Ronald Carmley v. State, No. 03C01-9305-CR-00167, slip op. at 6 (Tenn. Crim. App., at Knoxville, Jan. 13, 1994)). "The pro se petitioner must assert a basic theory of relief." Waite, 948 S.W.2d at 284 (quoting Lowe v. State, 805 S.W.2d 368, 372 (Tenn. 1991)). Under the new statute, at the preliminary stage, the trial judge is required to determine "whether it appear[s] beyond doubt that the [petitioner could] prove no set of facts in support of his claim which would entitle him to relief." Waite, 948 S.W.2d at 284 (second alteration in original). See also Tenn. Sup. Ct. R. 28(2)(H).

The amended Post-Conviction Act requires trial courts, at the preliminary stages, to first "determine whether the petitioner is indigent and in need of counsel." Tenn. Code Ann. § 40-30-206(e). The trial court "may provide counsel and allow time for an amendment to the petition." Id. Before there can be a preliminary dismissal, however, the statute requires the trial court to assume "as true" the facts alleged by the petitioner.

Several unpublished opinions from this court have ruled that at the preliminary stage, the trial judge is to assume the facts alleged in the petition are true. No authority exists for the trial court to do independent fact investigation into the truth of the allegations. In Loring C. Warner v. State, No. 03C01-9610-CR-00407 (Tenn. Crim. App., at Knoxville, Jan. 30, 1998), app. filed by petitioner, Mar. 26, 1998, the trial court summarily dismissed a pro se petition after examining the record of the prior proceedings, ruling that the record and the petition "conclusively show[ed] that [Warner was] not entitled to relief." Id., slip op. at 2. This court reversed on direct appeal and remanded for the appointment of counsel, concluding that "the court exceeded its statutory mandate, which was simply to evaluate the

6

petition to determine whether a colorable claim was stated, rather than to examine and adjudicate the factual merits of the allegations." Id., slip op. at 3. A similar result was reached in Garry E. Collins v. State, No. 01C01-9603-CR-00120 (Tenn. Crim. App., at Nashville, Mar. 13, 1997). In Collins, the trial court took "judicial notice of the [qualifications of trial counsel] and the properly executed [w]aivers of the [d]efendant." Id., slip op. at 2. On appeal, this court ruled that the trial "court may not take judicial notice of the qualifications of defense counsel and the contents of the waiver so as to conclusively determine the petition has no merit." Id., slip op. at 3.

An independent review of the transcript of the guilty plea hearing and conclusive determination that the petition was without merit are not permissible. The preliminary stage is not the appropriate forum for adjudication of the facts of the case.

By his claim that the plea was neither knowingly nor voluntarily made, the petitioner has stated a colorable claim. The petitioner contends that his submission to the charges was brought about through a misapprehension that the Cheatham and Hickman County sentences would be concurrently served. In summarily rejecting that claim, Judge Clark followed our ruling in Bailey, a case in which this court may have overlooked prior opinions from our supreme court.

**Controlling Precedent**

The record indicates that prosecution, the defense, and Judge Harris in the Hickman County cases all believed that sentencing concurrent with the Cheatham County offenses was permissible. Two supreme court opinions address this issue and require a different result than that reached in Bailey.

7

In Henderson v. State, 419 S.W.2d 176 (Tenn. 1967), our supreme court, through former Chief Justice Hamilton Burnett, ruled that a plea agreement which included concurrent sentencing for an offense committed while the defendant was on parole for a prior crime, rendered the plea void:

> We think even if as it is argued by the Warden that the man should have known what was going to happen and his submission, or what he agreed to or had traded for, couldn't work out like he thought it might[,] that he is entitled to go back and have a new trial as was ordered in the instant case.

Id., 419 S.W.2d at 178 (emphasis added). Service of the concurrent sentences was "what [the parties] thought would happen, and [they] just [were] not right." Id. Our supreme court ruled that when the accused enters a plea wherein all parties (the state, the defendant, and the trial judge) agree to a lesser sentence than is permissible by law, "the accused should be allowed to withdraw his plea." Id.

Our supreme court reaffirmed that rule in State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978). In Burkhart, an order authorizing a concurrent sentence for an escape from incarceration for a prior crime, which was legislatively mandated to be consecutive, was deemed a nullity and, if the concurrent sentence for escape was the result of a plea bargain, the defendant would be entitled to withdraw his plea.

The Bailey opinion appears to be in direct conflict with both Henderson and Burkhart. In Eugene Montgomery v. State, No. 03C01-9507-CC-00189 (Tenn. Crim. App., at Knoxville, Sept. 10, 1997), a panel of this court declined to follow the reasoning of Bailey. In Montgomery, the petitioner complained that the "State agreed his sentence for aggravated assault would run concurrently with a parole violation." Id., slip op. at 2. The panel followed the rationale of Henderson v. State, 419 S.W.2d 176 (Tenn. 1967), and remanded the cause for the appointment of

8

counsel and an evidentiary hearing.

In our view, the petitioner has stated a colorable claim. Thus, the cause must be remanded for the appointment of counsel. In <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), the United States Supreme Court ruled that defendants should be advised of certain of their constitutional rights before entering pleas of guilt. Included among those required warnings are the right against self-incrimination, the right to confront witnesses, and the right to a trial by jury. <u>Id.</u> at 243. Yet the overriding <u>Boykin</u> requirement is that the guilty plea must be knowingly and voluntarily made. <u>Id.</u> at 242-44.

In <u>Wallen v. State</u>, 863 S.W.2d 34, 38 (Tenn. 1993), our supreme court ruled that several factors are relevant in determining whether a plea is voluntary and intelligent:

> [A] court charged with determining whether those pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, <u>including a desire to avoid a greater penalty that might result from jury trial</u>.

(quoting <u>Blankenship v. State</u>, 858 S.W.2d 897, 904 (Tenn. 1993) (emphasis added) (alteration in original)).

The petitioner has alleged he was advised that his new sentence in Hickman County would be served concurrently to his sentence on the case which had parole revoked. He contended the trial transcript shows that "petitioner, trial counsel and the prosecutor agreed to his sentences being served concurrently to

9

the sentences already imposed in Cheatham County" and that he only agreed to "a sentence of 12 years to be served concurrently with the sentences that he already had, which included a 12 year sentence that he was serving in the Tennessee Department of Correction." Judge Harris entered judgment reflecting the sentences would be concurrent, thereby accrediting the assertion by the petitioner in this case.

If these allegations are true, the petitioner would be entitled to relief under the authority of both Burkhart and Henderson. While it may be true that one should realize the consequences for a crime committed while on parole status, common sense would also suggest that the petitioner is entitled to rely upon the advice of his attorney, especially when confirmed by the trial judge. In our view, the petitioner should have been granted counsel, allowed to amend, and permitted an evidentiary hearing. If, based upon the particular circumstances of this case, it is established that the plea agreement was entered into under the collective misunderstanding that the Cheatham County and Hickman County sentences could and would be concurrently served, the plea agreement should be set aside as neither knowingly nor voluntarily made and the petitioner should be brought to trial in Hickman County.

The judgment is reversed and the cause is remanded for the appointment of counsel and further proceedings. The motion seeking a declaration that the Hickman and Williamson County sentences be served concurrently was properly denied.

_____
Gary R. Wade, Judge

10

CONCUR:

_____
William M. Barker, Special Judge


_____
Curwood Witt, Judge