IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2004

## MICHAEL KEITH KENNEDY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Chester County**
**No. 03-4442   Roy B. Morgan, Jr., Judge**

-----------

**No. W2003-02824-CCA-R3-PC  - Filed March 16, 2005**

-----------

The petitioner, Michael Keith Kennedy, entered a plea of nolo contendere to numerous counts of burglary, theft, and vandalism arising out of events that occurred in Chester and Henderson Counties. As a result, he was sentenced to fifteen (15) years for the Chester County convictions and twelve (12) years for the Henderson County convictions, to be served concurrently, for an effective sentence of fifteen (15) years.  Pursuant to the plea agreement, the petitioner reserved the following certified question of law for appeal: "Did the defendant give an unequivocal, specific, intelligent, and voluntary consent to the warrantless search of his premises and vehicles, uncontaminated by duress or coercion?"  This Court determined that the certified question was not dispositive as to three of the petitioner's convictions, but determined the petitioner knowingly and voluntarily consented to the search as to the remaining convictions.  See State v. Michael Kennedy, No. W2001-03107-CCA-R3-CD, 2003 WL 402798 (Tenn. Crim. App., at Jackson, Feb. 21, 2003), perm. app. denied (Tenn. May 27, 2003).  Subsequently, the petitioner filed a petition for post-conviction relief alleging: (1) that he was denied effective assistance of counsel; (2) that the trial court erred by imposing restitution; (3) that the trial court erred by admitting his prior felony convictions; and (4) that the trial court erred by failing to appoint counsel.  After a hearing on a motion to dismiss filed by the State, the trial court dismissed the petition without an evidentiary hearing.  For the following reasons, we affirm in part, reverse in part, and remand for an evidentiary hearing consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed in Part; Reversed in Part and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. C. McLIN, JJ., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Michael Keith Kennedy.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Jerry Woodall, District Attorney General, and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

On December 4, 2001, the petitioner pled nolo contendere to two counts of theft of property over $1,000, two counts of theft of property under $500, two counts of vandalism over $500, four counts of burglary of a vehicle, one count of theft over $500, one count of vandalism over $1,000, one count of vandalism under $500, and one count of possession of a schedule IV controlled substance in Henderson County. That same day, the petitioner pled nolo contendere to aggravated burglary in Chester County. The petitioner received a sentence of fifteen (15) years for the Chester County convictions and twelve (12) years for the Henderson County convictions, to be served concurrently, for an effective sentence of fifteen (15) years. In conjunction with the plea and sentencing, the petitioner was ordered to pay restitution to several victims.

At the plea hearing, the following exchange took place:

THE COURT: Now, other than this plea agreement, has there been any force or pressure applied, threats made or promises made to get you to enter this plea today?

PETITIONER: With all due respect, just by my witnesses not being here today. I was here prepared for trial. Other than that . . . .

THE COURT: Well let's discuss that for a moment, because you understand, [petitioner], that I have directed that a show cause be issued for your witnesses, that I granted a continuance at your request because the witness wasn't here, and I have rescheduled your cases for trial next week.

PETITIONER: Yes, sir.

THE COURT: With the understanding we're going to find those witnesses. You understand that?

PETITIONER: Yes, sir.

THE COURT: I want to say it one more time. One of your witnesses that was under subpoena didn't show up. Two of them were not served a subpoena. But I did grant the continuance at your request and your attorney's request. You understand that?

PETITIONER: Yes, sir.

THE COURT: And you understand that you'd have a right to that full trial next week in this county and we'll get those witnesses in here. I've directed they be brought in. You understand that?

PETITIONER: Yes, sir.

THE COURT: Now knowing all of that, are you still wanting to proceed on today with this nolo contendere plea as I've outlined so far?

PETITIONER: Yes, sir.

THE COURT: Are you sure about that? Do you need to stop and talk to your attorneys at this point for any reason?

PETITIONER: No, sir, we discussed it.

THE COURT: Okay. Now, are you satisfied with your attorney's representation regarding each of these cases?

PETITIONER: Yes, sir.

The trial court accepted the plea, but, pursuant to the plea agreement, the petitioner reserved the following certified question of law: "Did the defendant give an unequivocal, specific, intelligent, and voluntary consent to the warrantless search of his premises and vehicles, uncontaminated by duress or coercion?" On appeal, a panel of this Court determined that the certified question of law was not dispositive regarding the convictions for burglary of an automobile, theft of property, and vandalism in Henderson County. As to the remaining convictions, this Court determined that the petitioner had properly reserved the certified question of law and that the petitioner knowingly and voluntarily consented to a search of the premises. As a result, the judgments of the trial court were affirmed. See Michael Kennedy, 2003 WL 402798, at *5. The Tennessee Supreme Court denied permission to appeal on May 27, 2003.

On June 6, 2003, the petitioner filed a pro se petition for post-conviction relief alleging: (1) that the petitioner was denied effective assistance of counsel; (2) that the petitioner was denied rights guaranteed under the Fourth Amendment; (3) that the petitioner's due process rights were violated; (4) that the trial court erred in imposing restitution; (5) that the trial court erred in allowing the petitioner's prior felonies to be introduced; (6) that the trial court erred by failing to appoint counsel; and (7) that the petitioner was denied "conflict free" representation of counsel. The State responded to the motion and filed a motion to dismiss the petition. As a result, the trial court appointed counsel for the petitioner and set a hearing date for the motion to dismiss. After a hearing, the trial court issued an order dismissing the petition for post-conviction relief. The trial court made the following findings of fact and conclusions of law:

1.  The State's motion to dismiss should be granted in that the issues raised by the petitioner have been waived or previously determined.

2.  The issue that trial counsel failed to call or interview certain defense witnesses is waived or previously determined.  Specifically, this Court heard the petitioner's motion to suppress and ruled against the petitioner on that issue.  This matter was set for trial on December 4th, 2001, and on that date the petitioner appeared together with counsel and discovered that certain witnesses were not available for trial.  Two of these witnesses had not been served with subpoena and one failed to appear.  Trial counsel sought and was granted a continuance to locate and serve defense witnesses.  On the same date that the Court granted the defendant a continuance to locate and secure the attendance of his witnesses he chose to accept the State's plea offer and pled nolo contendre [sic] to the charges set out in the indictment but reserved a certified question of law as to the propriety of the Court's ruling on the motion to suppress.  During the plea acceptance hearing again conducted on the same date that the Court granted a continuance to obtain witnesses, the Court very specifically inquired from the defendant whether he knew and understood that the Court had granted the continuance and that the Court would insure that he had all necessary witnesses available for trial.  The defendant expressly stated to the Court that he knew he had been granted a continuance to have witnesses present but was declining to accept the continuance and was pleading nolo contendre [sic] and reserving the certified question of law.  The Court of Criminal Appeals heard the certified question and ruled against the petitioner on that issue.

        The petitioner in his primary issue complains that counsel was ineffective in failing to interview defense witnesses and have them available for the suppression hearing and trial.  The Court finds that defendant expressly waived the opportunity to have these witnesses available when he stated on the record that he wanted to enter the nolo contendre [sic] plea and not accept the Court's continuance of the matter for the express purpose of obtaining those witnesses.  He cannot now complain that he was denied an opportunity that he expressly rejected in open Court and on the record.  The matter of the motion to suppress was heard by this Court and the Court of Criminal Appeals and is previously determined.

3.  The issue of whether the Court committed reversible error in imposing restitution was waived by the plea agreement.  This is an issue that should be raised on direct appeal and cannot be raised in a petition for post-conviction relief.

4.  The issue of whether the trial court erred in allowing the introduction of prior felony convictions is not a proper basis for post-conviction relief since this is an issue for direct appeal. Furthermore the petitioner did not have a trial but entered a nolo contendre [sic] plea and accepted an agreed sentence.

5.  The Court finds that the petitioner did have appointed counsel and the issue of failure to appoint counsel is moot and contrary to the petitioner's own pleading that he received ineffective assistance of counsel.

On appeal, the petitioner challenges the trial court's dismissal of the petition without an evidentiary hearing.

Analysis

The petitioner complains on appeal that the trial court erred in granting the State's motion to dismiss the petition for post-conviction relief without an evidentiary hearing. Specifically, the petitioner argues that even though the underlying issue of the "lawfulness of the search was previously litigated on direct appeal, this does not mean that the petitioner was not entitled to effective assistance of counsel in litigating that claim." The State counters that the trial court was correct in dismissing the petition.

The Post-Conviction Procedure Act of 1995 provides that a post-conviction petition "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). A bare allegation that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings. Id. Moreover, failure to state a factual basis for the grounds alleged will result in immediate dismissal of the petition. Id. In the event of a dismissal, the trial court shall file an order dismissing the petition within thirty (30) days of the filing of the petition. See Tenn. Code Ann. § 40-30-106(a). The order of dismissal shall set forth the court's conclusions of law. See Tenn. Code Ann. § 40-30-106(f). We will review the post-conviction court's determinations de novo. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

In Burnett, our supreme court explained the process a post-conviction court should use to determine whether a post-conviction petition should be dismissed without a hearing. Id. First, the post-conviction court should consider the petition to determine whether the petition asserts a colorable claim. Id. A colorable claim is "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'" Id. (quoting Tenn. Sup. Ct. R. 28 § 2(H)). If the facts alleged, taken as true, do not state a colorable claim, the petition should be dismissed. See Tenn. Code Ann. § 40-30-106(f); see also Waite v. State, 948 S. W .2d 283, 284 (Tenn. Crim. App. 1997).

Clearly, issues that have been previously determined cannot support a basis for post-conviction relief. See Tenn. Code Ann. § 40-30-106(f); Harris v. State, 947 S.W.2d 156, 174 (Tenn. Crim. App. 1996). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." Tenn. Code Ann. § 40-30-106(h). In the case herein, the post-conviction court dismissed all of the petitioner's claims without allowing the petitioner to present evidence. Therefore, because the petitioner's ineffective assistance

complaints have not been tested by the crucible of proof, his complaints in that regard have not been previously determined.

Additionally, we observe that in order to survive summary dismissal, a petitioner is not required to prove any claim in his petition; instead, a petitioner need only allege a colorable claim. See Shazel v. State, 966 S.W.2d 414, 415-16 (Tenn. 1998) ("[t]here obviously is an important distinction between the right to seek relief in a post-conviction proceeding and the right to have relief in a post-conviction proceeding"). Ordinarily, a petitioner is required to prove his claims by clear and convincing evidence at an evidentiary hearing. However, a hearing on the issue of ineffective assistance of counsel did not take place in the case herein.

Further, it appears that the post-conviction court dismissed the petition after determining that the petitioner would be unable to prevail following an evidentiary hearing. See Roosevelt Malone v. State, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App., at Knoxville, May 16, 2003). We note that the ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing. Id.; see also Tenn. Code Ann. §§ 40-30-106(b)-(d). The petitioner alleged that his counsel was ineffective regarding the failure to procure and interview necessary witnesses. Typically, ineffective assistance is a colorable ground for post-conviction relief. Moreover, the petitioner offered factual support for his complaints of ineffective assistance. Further, we note that the post-conviction court's opinion contained factual findings, not merely conclusions of law. Such factual findings should not have been made in the absence of an evidentiary hearing. See Charlton v. State, 987 S.W.2d 862, 865 (Tenn. Crim. App. 1998) ("[t]he preliminary stage is not the appropriate forum for adjudication of the facts of the case"). Accordingly, without making any determinations on the merits of the petitioner's complaints, we conclude that the post-conviction court should have allowed the petitioner to fully present his claim of ineffective assistance of counsel. See Waite, 948 S.W.2d at 285; Amin Shabazz v. State, No. M2002-01302-CCA-R3-PC, 2003 WL 354511, at *2 (Tenn. Crim. App., at Nashville, Feb. 14, 2003).

However, it does appear that several of the petitioner's claims have been waived for failure to assert them on direct appeal. First, the petitioner claims that the trial court erred in failing to appoint counsel. We agree with the post-conviction court that this is not a colorable claim for post-conviction relief as the record reflects that the petitioner had the benefit of counsel during the plea hearing. Further, the petitioner claims that the trial court erred in allowing the introduction of prior felony convictions. We fail to see how this is a colorable claim for post-conviction relief as the petitioner did not have a trial but rather entered a nolo contendere plea.

Lastly, the petitioner claims that the trial court erred in imposing restitution. An issue not raised when it can be raised is deemed waived. Teague v. State, 772 S.W.2d 915 (1988). An issue is considered waived when appellant failed to present it for determination on direct appeal. Tenn. Code Ann. § 40-30-106(g). Exceptions to the rule are allowed if: (1) the claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or (2) the failure to present the ground was

the result of state action in violation of the federal or state constitution.  Id.  The petitioner does not allege that one of the exceptions applies to the trial court's decision to order restitution.  This issue is waived.

Conclusion

For the foregoing reasons, we affirm in part, reverse in part, and remand the judgment of the trial court.  We affirm that portion of the post-conviction court's order dismissing those portions of the petition that were waived or failed to present colorable claims for post-conviction relief.  We reverse the portion of the post-conviction court's order dismissing the petition for post-conviction relief on the basis of ineffective assistance of counsel and remand the case to the trial court for an evidentiary hearing in which the petitioner is permitted to present evidence to substantiate his claim.

_____

JERRY L. SMITH, JUDGE