IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1998 SESSION



FILED

May 5, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| NATHAN L. DRAPER, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9706-CR-00225 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Seth Norman, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Brent Owen Horst
42 Rutledge Street
Nashville, TN 37201

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
      and
Clinton J. Morgan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
      and
Roger Moore
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**


The petitioner, Nathan L. Draper, appeals as of right from the Davidson County Criminal Court's denial of post-conviction relief. He is presently in the custody of the Department of Correction serving a Range I sentence of ten years for his 1994 conviction upon a guilty plea for aggravated robbery, a Class B felony. The petitioner contends that he received the ineffective assistance of counsel resulting in his guilty plea not being entered knowingly and voluntarily. He argues that his trial counsel failed to discuss possible trial strategy with him and failed to advise him that his ten-year sentence would run consecutively to a sentence he was serving on parole when he committed the present offense. We affirm the trial court's denial of post-conviction relief.


The record reflects that the petitioner and a codefendant were originally charged with especially aggravated robbery, a Class A felony. The petitioner pled guilty to the offense of aggravated robbery for an agreed Range I sentence of ten years.


At the post-conviction hearing, the petitioner testified that his counsel discussed the case with him only when he appeared in court. He conceded that his counsel told him that the victim could not identify him from a lineup. The petitioner stated that although his counsel told him that the codefendant and the codefendant's girlfriend had given the police a statement implicating the defendant, counsel did not discuss the details of the statements, whether the codefendant had been given a plea offer, or whether counsel conducted an independent investigation. The petitioner said that counsel did not tell him that the robbery occurred six hours before he was arrested for possession of the victim's stolen credit cards. He admitted that counsel discussed with him how the codefendant's credibility could be attacked. The petitioner testified

2

that counsel did not discuss any trial strategies and that he would not have pled guilty if trial strategy had been discussed with him.

Regarding the nature of the plea, the petitioner testified that he believed that the sentence was to be served concurrently with a sentence for which he was on parole when the robbery occurred. He said that counsel told him that he would be released in no more than three years. He stated that he would not have pled guilty had he known that his sentences would be served consecutively or that he would not be released in approximately three years.

On cross-examination, the petitioner conceded that his constitutional rights were carefully explained to him by the trial court before he entered the guilty plea. He acknowledged that the trial court explained the elements of the charged offense and that he stated that he understood. He also acknowledged that the court asked him whether the evidence against him had been explained to him and he said that it had. The petitioner testified that the trial court explained the sentencing ranges and the possible fines for especially aggravated robbery and aggravated robbery. The defendant admitted that he stated at the guilty plea hearing that counsel had consulted with him before entering the plea and that he was satisfied with counsel's representation. He said that he was aware that he could have received a much greater sentence because he had several prior felony convictions, including theft of a car, receiving stolen property, aggravated robbery, assault with the intent to commit robbery, breaking into a vehicle, and selling a controlled substance. He stated that he understood that especially aggravated robbery was a more severe crime than aggravated robbery, the offense to which he pled guilty.

The petitioner acknowledged that the trial court ruled against the motion to suppress filed by counsel, finding that a gun, ski mask, and the victim's credit cards

3

located in the defendant's car were seized pursuant to a search to which the petitioner consented. He also acknowledged that he was aware that the codefendant and his girlfriend were in the car with him when he was stopped by the police. However, the petitioner claimed that counsel could have investigated the scene, given him the victim's initial report, given him the statements of the witnesses, reviewed the statements of the codefendant and his girlfriend, and visited him in jail.

The petitioner's counsel testified that he negotiated a plea for aggravated robbery and a Range I sentence of ten years. He stated that the petitioner was at least a Range II, multiple offender. He said that he had focused on negotiating a plea. The petitioner's counsel testified that he spoke to both the petitioner and the prosecutor at each of the eight court appearances. He believed that the state had a very strong case against the petitioner, though consisting of circumstantial evidence. He expressed the opinion that the defendant would be convicted if he went to trial and would receive a sentence as a Range II offender.

The petitioner's counsel testified that he learned of the evidence against the petitioner by reviewing the state's file with the prosecutor's permission. He said that he reviewed several documents, including an extensive police case report, medical records, and statements. He stated that his investigation revealed that the victim was attacked by a black male wearing a ski mask over his face and carrying a handgun. It showed that the victim was beaten and robbed, requiring that she be taken to the hospital to receive treatment. The petitioner's counsel testified that he learned that later that evening, the defendant, the codefendant, and the codefendant's girlfriend were stopped at a market in east Shelby County because they were trying to purchase items with the credit cards stolen from the victim. He stated that all three were arrested, and the codefendant informed the police that there was a secret compartment under the dash behind the glove compartment of the defendant's car in which the three were

4

riding. He said that after obtaining the defendant's consent to search the car, the officers found in the secret compartment two ski masks and a pistol consistent with those used during the robbery. The petitioner's counsel testified that the codefendant and his girlfriend then gave a statement implicating the petitioner. He said that he also learned that there were no other witnesses to the crime and that the victim was unable to identify the petitioner as the robber. He stated that he sent the petitioner a memorandum and, at one point, a complete copy of his file.

The petitioner's counsel testified that he filed a motion to suppress the evidence seized pursuant to the search of the defendant's car, but the motion was denied. He said that the defendant never provided an alibi or names of witnesses to be interviewed. The petitioner's counsel stated that he was aware that the petitioner had violated his parole conditions, but he did not recall discussing the effect of the petitioner's parole violation if he entered a guilty plea. He said that he fully explained to the petitioner his eligibility for release, including that the ultimate decision to release the petitioner rested with the Board of Paroles and that the release eligibility could be adjusted downward because of prison overcrowding. He testified that he told the petitioner that it was not guaranteed that he would be released when he had served thirty percent of his sentence. The petitioner's counsel admitted that the petitioner was reluctant to plead guilty because the petitioner believed that the circumstantial evidence was not sufficient for a conviction.

On cross-examination, the petitioner's counsel testified that he could not remember whether he talked to the petitioner about an alternate theory if he proceeded to trial. He admitted that it was possible that the codefendant committed the robbery because he was a passenger in the car. He conceded that there was no evidence linking the gun and the mask to the crime. The petitioner's counsel testified that he did not interview the codefendant, the codefendant's girlfriend or the victim. He also

conceded that he did not sign the guilty plea submission form certifying that he had explained the plea to the petitioner. The petitioner's counsel believed that he was successful in plea negotiations because there was some question as to whether the injuries suffered by the victim constituted serious bodily injury.

The trial court denied the petitioner post-conviction relief. It held that the petitioner failed to show that he received the ineffective assistance of counsel. It found that the petitioner discussed with his counsel the facts of the case before entering the plea. The trial court also found that the trial court was extremely thorough in explaining to the defendant his rights before accepting his plea.

On appeal, the petitioner challenges his convictions based upon claims that he received ineffective assistance of counsel that caused him to enter unknowing and involuntary guilty pleas. Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied, as well, to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). Relative to a claim that the ineffective assistance of counsel resulted in an invalid guilty plea, a petitioner must prove that counsel performed deficiently and that but for counsel's errors, the petitioner would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 464 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will not be measured by "20-20 hindsight"). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See Hellard, 629 S.W.2d at 9; DeCoster, 487 F.2d at 1201.

The burden was on the petitioner in the trial court to prove his allegations that would entitle him to relief by clear and convincing evidence. T.C.A. § 40-30-210(f). On appeal, we are bound by the trial court's findings unless we conclude that the evidence preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The petitioner has the burden of illustrating how the evidence preponderates against the judgment entered. Id.

In this case, the petitioner has failed to meet his burden of showing that the evidence preponderates against the judgment entered with respect to either of his claims of ineffective assistance of counsel. First, the petitioner argues that trial counsel was ineffective for failing to discuss any trial strategy with the petitioner. He argues that

7

the most obvious defense available to the petitioner that should have been discussed with him was that the codefendant actually committed the robbery without the petitioner's knowledge and that the codefendant and his girlfriend implicated the petitioner to avoid prosecution. At the post-conviction hearing, the petitioner's counsel testified that the state had a very substantial case against the petitioner. He believed that the petitioner would have been convicted and would have received a greater sentence if he went to trial. He said that as a result he focused on plea negotiations. As acknowledged by the petitioner at the post-conviction hearing and on appeal, his trial counsel negotiated a very favorable plea bargain. We do not use the benefit of hindsight to second-guess trial strategy by counsel and criticize trial counsel's tactical decisions. Hellard, 629 S.W.2d at 9. The petitioner has failed to demonstrate deficient performance by counsel.

The petitioner also has failed to establish that counsel was ineffective by failing to advise the petitioner the effect of his parole violation upon his sentence. This claim is not supported by the record. Though the petitioner claimed that trial counsel told him that his sentences would run concurrently, the petitioner's trial counsel testified that he did not remember discussing the effect of the petitioner's parole violation on the sentence imposed. Also, the petitioner's trial counsel stated that he explained his eligibilty for release and told him that it was not guaranteed that he would be released in three years as the decision to release the petitioner ultimately rested with the Board of Paroles. The trial court obviously accredited the testimony of the petitioner's trial counsel. In this respect, this court has held that trial counsel is not ineffective for failing to inform the petitioner that a guilty plea could lead to revocation of parole and the imposition of consecutive sentencing. Bailey v. State, 924 S.W.2d 918, 918-19 (Tenn. Crim. App. 1995).

8

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
David H. Welles, Judge

_____
Joe G. Riley, Judge