**Adrian WAITE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 11, 1997.

Gerald L. Gulley, Jr., Baker, McReynolds, Byrne, Brackett, O'Kane & Shea, Knoxville (on Appeal), for Appellant.

Charles W. Burson, Attorney General and Reporter, William David Bridgers, Assistant Attorney General, Criminal Justice Division, Nashville, for Appellee.

## OPINION

WADE, Judge.

The petitioner, Adrian Waite, appeals the trial court's dismissal of his petition for post-conviction relief. The single issue presented for our review is whether the trial court erred by dismissing the petition without the appointment of counsel or an evidentiary hearing.

We reverse the judgment and remand the cause for the appointment of counsel and further proceedings consistent with this opinion.

On May 6, 1993, the petitioner pled guilty to the second degree murder of Angela Ransom and the aggravated assault of Jolene McClendon. The trial court imposed concurrent, Range I sentences of twenty years for the murder conviction and six years for the assault conviction. There was no direct appeal.

On November 16, 1995, the petitioner filed this, his first petition for post-conviction relief, alleging that his guilty pleas had not been knowingly and voluntarily entered; that defense counsel was ineffective; and that the state was guilty of prosecutorial misconduct. The petitioner made a request for appointment of counsel. The state filed no response.

Utilizing the Post–Conviction Procedure Act effective May 10, 1995, the trial court summarily dismissed the petition on the following grounds:

(1) the court found that the petition presented no basis for relief;

(2) the transcript of the plea hearing showed that the petitioner was fully advised of his rights by the trial court, and the petitioner understood those rights and acknowledged that he did;

(3) the petitioner indicated at the plea hearing that he was not forced, threatened, or made to plead guilty;

(4) the petitioner admitted that he stabbed the victim;

(5) trial counsel was effective in her representation of the petitioner; and

(6) trial counsel negotiated a reduced charge and lower sentence for the petitioner.

The post-conviction legislation of 1995 allows for a preliminary dismissal when, among other things, the petition does not include a possible ground for relief:

Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. *If facts alleged, taken as true,* fail to show that the petitioner is entitled to relief ... the petition shall be dismissed.

Tenn.Code Ann. § 40–30–206(f) (1996 Supp.) (emphasis added).

Case law prior to the 1995 Act provides some guidance. In order to make a claim "colorable" or actionable, the pro se petitioner must assert a basic theory of relief. *Lowe v. State,* 805 S.W.2d 368, 372 (Tenn.1991). This court has defined a "colorable" claim, under the statutory law in existence prior to the 1995 Act, as "one that alleges facts show-

ing that the conviction resulted from an abridgment of a constitutional right and which demonstrates that the ground for relief was not previously determined or waived." *Hugh Ronald Carmley v. State,* No. 03C01–9305–CR–00167, slip op. at 6, 1994 WL 7086 (Tenn.Crim.App., at Knoxville, Jan. 13, 1994). Much like the new statute, "the test [was] whether it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." *Swanson v. State,* 749 S.W.2d 731, 734 (Tenn.1988)(second alteration in original) (quoting *Baxter v. Rose,* 523 S.W.2d 930, 939 (Tenn.1975)). *See also* Tenn. Sup.Ct. R. 28, § 2(H). "[A] petition stating a colorable claim for relief ... is to be considered on its merits." *Swanson,* 749 S.W.2d at 734.

The new statute requires the trial courts, at the preliminary stages, to first "determine whether the petitioner is indigent and in need of counsel." Tenn.Code Ann. § 40–30–206(e). The trial court "may provide counsel and allow time for an amendment to the petition." *Id.* Before there can be a preliminary dismissal, however, the statute requires the trial court to assume "as true" the facts alleged by the petitioner. Here, the petitioner, notwithstanding the contents of the transcript of his guilty pleas, contended that his submission to the charges was brought about through "duress," "false promise," and "coerced help." He asserted that, as a result of these improper influences, his pleas were neither knowingly nor voluntarily entered; he insisted that but for the deficient repre-

sentation of his counsel, he would not have conceded his guilt to the charges.

Those allegations, of course, may be exceedingly difficult to prove. Yet, even when it is unlikely that a petitioner could adequately establish the violation of his constitutional rights, the new post-conviction statute contemplates and due process requires that he at least be afforded the opportunity. The transcript is indeed persuasive evidence that the pleas were freely, voluntarily, and intelligently made; the content of the petition, if taken as true, does, however, raise potential grounds for relief.

The judgment of the trial court must be reversed. The cause is remanded for the appointment of counsel outlined in Tennessee Code Annotated § 40–30–207. The state should file a response according to Tennessee Code Annotated § 40–30–208. While it is unlikely, under these circumstances, that the trial court can, absent further proof, "conclusively" determine the petitioner is not entitled to relief, it has that opportunity before there is a full evidentiary hearing. *See* Tenn. Code Ann. §§ 40–30–209, –210. Otherwise, the petitioner must be afforded the privilege of presenting proof in support of his allegation of a constitutional deprivation.

WELLES and SMITH, JJ., concur.