# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1998 SESSION



**FILED**

**March 25, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **JAMES BRYANT WESTON,** | ) |
| | ) C.C.A. No. 03C01-9612-CR-00484 |
| Appellant, | ) |
| | ) Knox County |
| V. | ) |
| | ) Honorable Mary Beth Leibowitz, Judge |
| **STATE OF TENNESSEE,** | ) |
| | ) (Post-Conviction) |
| Appellee. | ) |

FOR THE APPELLANT:

Thomas G. Slaughter
Attorney at Law
602 S. Gay Street
Suite 600
Knoxville, TN 37902

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Robert J. Jolley, Jr.
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

**REVERSED AND REMANDED
FOR EVIDENTIARY HEARING**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

James Bryant Weston, the appellant, filed a petition for post-conviction relief in the Knox County Criminal Court. The court dismissed the petition without an evidentiary hearing. The issue is whether the trial court erred in dismissing the petition without holding an evidentiary hearing. We respectfully reverse the judgment of the trial court.

The appellant pled guilty to felony murder and especially aggravated robbery. The court sentenced the appellant to life in prison plus 25 years with the sentences to be served consecutively.

The appellant filed a pro se petition for post-conviction relief. He alleged ineffective assistance of counsel, double jeopardy, denial of a speedy trial, "procedural default," and involuntary and unknowing guilty pleas. After preliminary consideration, the court found that the petition presented a colorable claim. See T.C.A. § 40-30-206 (Supp. 1995). The court appointed counsel to represent the appellant and to file an amended petition. The state was ordered to file an answer, but we cannot find one in this record.

In the amended petition, the appellant alleged that his guilty pleas were involuntarily and unknowingly entered based on the ineffectiveness of his counsel. The appellant alleged that his attorney erroneously advised the appellant that he would be eligible for parole after serving 30% of a life sentence based on 60 years. He alleges that he will not be eligible for parole until after he has served 25 years of his life sentence. The appellant further alleges that, if he had been informed correctly, he would not have pled guilty. Generally, a failure to correctly inform the appellant about parole eligibility dates, without more, would not be a basis for post-conviction relief. Wolley v. State, C.C.A. No.

01C01-9311-CR-00402 (Tenn. Crim. App. at Nashville, Oct. 20, 1994). However, it may be evidence that his pleas were involuntary and unknowing.

The appellant alleges that his guilty pleas were involuntary because he was unduly influenced by his attorney to accept the plea bargain agreement. The appellant alleges that he told his attorney that he wanted to go to trial. He alleges that his attorney said that there was no way to fight the case; and that if the appellant did not take the plea, he would end up on death row. The appellant persisted on going to trial. The appellant alleges that his attorney had a death row inmate talk to the appellant about what life is like on death row. He also alleges that his attorney brought an African-American attorney from Nashville to talk to the appellant about how to stay off of death row and to encourage the appellant to take the plea agreement.

The amended petition incorporated the allegations set forth in the appellant's pro se petition. The appellant alleged that he was denied the right to a speedy trial and that he was punished twice for the same crime in violation of the double jeopardy clause.

After examining the record, the transcript of the guilty plea hearing, and the appellant's statement that is attached as an exhibit to the transcript, the court dismissed the petition for failure to state a colorable claim. See T.C.A. § 40-30-209(a) (Supp. 1995). The court found that the appellant understood that he was charged with first degree murder and that the state was seeking the death penalty. The court further found that the trial court reviewed the plea agreement with the appellant, and that he fully understood the terms of the agreement. The court stated that there was no proof in the record, other than bare allegations, that the appellant was pressured into entering into the plea agreement. The court held that the appellant's allegations of a denial of the right to a speedy trial

-3-

and the incorrect information about his parole eligibility date were not grounds for post-conviction relief.

The trial court dismissed the petition pursuant to Tennessee Code Annotated § 40-30-209(a) which provides that if, after reviewing the petition, the response, files, and records, the court determines that the petitioner is entitled to no relief, the court shall dismiss the petition. The appellant argues that the court should have held a hearing because the court had previously ruled that his petition stated a colorable claim. He argues that he has been denied the right to present evidence to prove the allegations in his petition that state a claim.

"In order to make a claim 'colorable' or actionable, the pro se petitioner must assert a basic theory of relief. This court has defined a 'colorable' claim, under the statutory law in existence prior to the 1995 Act, 'as one that alleges facts showing that the conviction resulted from an abridgment of a constitutional right . . . .'" Waite v. State, 948 S.W.2d 283, 284-85 (Tenn. Crim. App. 1997) (citations omitted). The test is whether it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief. See id. at 285. A petition that states a colorable claim for relief is to be considered on its merits. Id.

The appellant ostensibly has stated a colorable claim of whether his guilty pleas were knowingly and voluntarily entered. If a guilty plea is not voluntary and knowing, it has been entered in violation of a defendant's constitutional rights and is, therefore, voidable. Boykin v. Alabama, 395 U.S. 238 (1969). The appellant should be allowed to present evidence to prove his allegations of duress and coercion. It appears that the trial court considered the guilty plea transcript, including the appellant's incriminating statement to the police, as conclusive evidence that the pleas were entered knowingly and voluntarily. Indeed, the transcript is persuasive evidence. The incriminating statement given

to police indicates that the appellant was a participant in a robbery during which a vicitm was murdered. The appellant denied that he was the person who murdered the victim, but he admitted that he was present during the robbery. "[E]ven when it is unlikely that a petitioner could adequately establish the violation of his constitutional rights, the new post-conviction statute contemplates and due process requires that he at least be afforded the opportunity." <u>Waite</u>, 948 S.W.2d at 285.

The judgment of the trial court is respectfully reversed. This case is remanded for an evidentiary hearing on the merits of the appellant's post-conviction petition. Such reversal of the judgment is in no way a substantive determination of the merits of the allegations.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
CORNELIA A. CLARK, Special Judge