IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

December 10, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| MARK A. HIGGINS, | ) | |
| | ) | NO. 01C01-9711-CC-00513 |
| Appellant, | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. HENRY DENMARK BELL, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

**MARK HIGGINS,** *Pro Se*
**#268562**
B.M.C.X., P. O. Box 2000
Wartburg, TN 37887-2000

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**TIMOTHY BEHAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JOSEPH D. BAUGH**
District Attorney General
P. O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

REVERSED AND REMANDED

JOE G. RILEY,
JUDGE

**O P I N I O N**

Petitioner, Mark A. Higgins, appeals the dismissal of his petition for post-conviction relief without a hearing by the Williamson County Circuit Court. Petitioner alleges his guilty plea to aggravated rape was unknowing and his sentence illegal since he was sentenced as a standard 30% Range I offender, whereas the statute classifies him as a violent 100% offender. We conclude, and the state concedes, that the petition states a colorable claim for relief; therefore, we reverse and remand for the appointment of counsel so that the petition for post-conviction relief may proceed on the merits.

**PROCEDURAL BACKGROUND**

On October 9, 1996, petitioner entered a guilty plea to aggravated burglary and aggravated rape. Pursuant to a plea agreement, he was sentenced as a standard 30% Range I offender to five years for aggravated burglary and twenty-three years for aggravated rape with the sentences to run consecutively.

On September 16, 1997, he timely filed a petition for post-conviction relief alleging the standard 30% Range I offender designation for aggravated rape was contrary to the statute which requires service of at least 85% of the sentence (Tenn. Code Ann. § 40-35-501(i))[1]; therefore, he contended his plea was unknowing. The trial court independently reviewed the video record of the plea of guilty. It concluded the guilty plea was "both voluntary and informed" and allowed petitioner 15 days to file an amended petition containing a proper factual basis. No amendment was filed, and the petition was subsequently dismissed. Defendant timely filed a notice of appeal.

After the filing of the notice of appeal, the trial court entered an amended judgment. This amended judgment filed July 8, 1998, changes the standard 30%

---

[1]This statute provides that those convicted of aggravated rape and certain other offenses shall serve 100% of the sentence less certain sentencing credits not to exceed 15%. Thus, 85% of the sentence is the earliest possible release eligibility date.

Range I designation to a violent 100% designation. We assume the trial court was simply making the proper designation as required by statute. *See* Tenn. Code Ann. § 40-35-501(i).

## ANALYSIS

The state concedes that the petitioner asserted sufficient facts to support a colorable claim for relief. We agree.

Upon the filing of a petition for post-conviction relief, the trial judge is to examine the petition. Tenn. Code Ann. § 40-30-206(a). Before there can be a preliminary dismissal, however, the statute requires the trial court to assume "as true" the facts alleged by the petitioner. Tenn. Code Ann. §40-30-206(f). If no colorable claim is set forth under this standard, the petition may be dismissed; otherwise, counsel should be appointed to assist petitioner in the proceedings. Waite v. State, 948 S.W.2d 283, 285 (Tenn. Crim. App. 1997).

In the case *sub judice* the trial court conducted an independent review of the video record of the plea of guilty and conclusively determined that the petition was without merit.[2] Such an independent review is improper under these circumstances. Terry L. Charlton v. State, C.C.A. No. 01C01-9701-CC-00002, Hickman County (Tenn. Crim. App. filed August 20, 1998, at Nashville).

The record does not establish whether or not trial counsel erroneously advised petitioner of the release eligibility date. *See* Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The record does establish that the trial court at the time of sentencing erroneously entered a judgment for aggravated rape designating petitioner as a "standard 30% Range I" offender.[3] It is undetermined whether the

---

[2]The video record of the guilty plea was made a part of the appellate record. It verifies that the plea agreement called for a standard 30% Range I designation which was approved and imposed by the trial judge.

[3]The Attorney General has recently opined that (1) the Department of Correction may not alter an erroneous standard offender designation in a judgment; (2) the Board of Paroles may grant parole to violent offenders; and (3) the manner of service of a violent offense cannot be altered by plea agreement. Attorney General Opinion 98-126 (7-20-98)

plea was knowingly entered. The trial court's subsequent entry of an amended judgment designating petitioner as a "violent 100%" offender was contrary to the plea agreement and does not resolve the issue as to the propriety of the guilty plea.

## CONCLUSION

Based upon the foregoing, we reverse and remand to the trial court for appointment of counsel so that petitioner may proceed on his petition for post-conviction relief. Upon remand, the trial court shall also address the amended judgment designating petitioner as a violent 100% offender.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**L. T. LAFFERTY, SENIOR JUDGE**