IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1998 SESSION

FILED

March 30, 1999

Cecil Crowson, Jr.

Appellate Court Clerk

JESSE JAMEEL DAWAN,　　　　*　　C.C.A. # 02C01-9709-CC-00370
a.k.a. JESSIE JONES,

　　　　　　　　　　　　　　*　　HAYWOOD COUNTY
　　　　　Appellant,

　　　　　　　　　　　　　　*　　Hon. Dick Jerman, Jr., Judge
VS.

　　　　　　　　　　　　　　*　　(Post-Conviction)
STATE OF TENNESSEE,

　　　　　　　　　　　　　　*
　　　　　Appellee.

　　　　　　　　　　　　　　*


For Appellant:

Jesse Jameel Dawan
Pro Se
Inmate # 148525
L.C.C.X. Site 1, A-2-20
P.O. Box 1000
Henning, TN  38041

For Appellee:

John Knox Walkup
Attorney General and Reporter

Georgia Blythe Felner
Criminal Justice Division
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

Clayburn L. Peeples
District Attorney General
109 East First Street
Trenton, TN  38343


OPINION FILED:_____


REVERSED AND REMANDED


GARY R. WADE, PRESIDING JUDGE

## OPINION

The petitioner, Jesse Jameel Dawan, a.k.a. Jessie Jones, appeals the trial court's dismissal of his petition for post-conviction relief. The trial court did not appoint counsel or grant an evidentiary hearing. Because the petitioner presented a colorable claim for relief, we must reverse the judgment and remand the cause for the appointment of counsel.

The petitioner was convicted of robbery, aggravated assault, and two counts of aggravated burglary. The trial court imposed a Range II effective sentence of twenty years. This court affirmed the convictions on direct appeal. State v. Jessie Jones, Jr., a.k.a. Jesse Jones, No. 02C01-9512-CC-00382 (Tenn. Crim. App., at Jackson, Jan. 28, 1997). Several months later, the petitioner filed this, his first petition for post-conviction relief.

On the petition form, the petitioner checked as present the following grounds for relief:

> (9)    Denial of effective assistance of counsel;
>
> (10)   Newly discovered evidence;
>
> (11)   Illegal evidence; and
>
> (12)   Other grounds.

The petitioner also made the following specific allegations:

> 1. Denial of effective assistance of counsel. (a) The petitioner, after finding that appointed counsel had a conflict of interest at his preliminary hearing, moved the court in motion for counsel to withdraw, but the court denied the motion.
> ***
> 2. Newly discovered evidence. (a) At the petitioner's trial, the prosecution used evidence of type (A) blood to prosecute the petitioner.
> (b) Subsequently, the petitioner has discovered that his blood type is (A+) and not type (A).
> ***

2

3. Illegal evidence. The prosecution used wrong blood type at the petitioner's trial. They used type (A), when the petitioner's type is (A+).

***

6. The record reflects the illegal gathering and control of evidence by the victim in the case, Shawn Williams.
7. The record reflects discrepancy in the chain of custody of the evidence ....
8. And so much more.

The trial court denied relief, concluding, "upon preliminary consideration by the Court, and the entire record in this cause, it satisfactorily appears to the Court that the said petition for post conviction relief does not state any ground or claim upon which relief may or should be granted."

On appeal, the petitioner makes the additional allegations that the trial court should have charged lesser offenses and that dual convictions for burglary are inappropriate. Because these issues were not considered by the trial court, they cannot be considered for the first time on appeal. A post-conviction petition "must necessarily rest upon and be determined by the factual allegations it contains." Long v. State, 510 S.W.2d 83, 85 (Tenn. Crim. App. 1974). If, however, any of the claims contained in the original petition are "colorable," the petitioner is entitled to the appointment of counsel and, generally, an evidentiary hearing.

Upon the filing of a post-conviction petition in proper form or upon receipt of an amended petition, our law requires trial courts to subject the petition to "preliminary consideration." Tenn. Code Ann. § 40-30-206. During this preliminary phase, the trial judge must examine the allegations of fact in the petition. "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief ... the petition shall be dismissed." Tenn. Code Ann. § 40-30-206(f). In Waite v. State, 948 S.W.2d 283 (Tenn. Crim. App. 1997), this court established guidelines to

3

determine under the new Act whether a claim is "colorable" or actionable. If so, the petition is allowed to pass beyond the preliminary stage. After examining the case law on the subject established prior to the 1995 Act, this court ruled that a colorable claim is "'one that alleges facts showing that the conviction resulted from an abridgment of a constitutional right and which demonstrates that the ground for relief was not previously determined or waived.'" Id., 948 S.W.2d at 284-85 (quoting Hugh Ronald Carmley v. State, No. 03C01-9305-CR-00167, slip op. at 6 (Tenn. Crim. App., at Knoxville, Jan. 13, 1994)). "'The pro se petitioner must assert a basic theory of relief.'" Waite, 948 S.W.2d at 284 (quoting Lowe v. State, 805 S.W.2d 368, 372 (Tenn. 1991)). Under the new statute, the trial judge is required to determine at the preliminary stage "whether it appear[s] beyond doubt that the [petitioner could] prove no set of facts in support of his claim which would entitle him to relief." Waite, 948 S.W.2d at 284 (second alteration in original). See also Tenn. Sup. Ct. R. 28(2)(H).

The amended Post-Conviction Procedure Act also requires a preliminary stage determination as to "whether the petitioner is indigent and in need of counsel." Tenn. Code Ann. § 40-30-206(e). The trial court "may provide counsel and allow time for an amendment to the petition." Id. Before there can be a preliminary dismissal, however, the statute requires the trial court to assume "as true" the facts alleged by the petitioner.

In our view, the petitioner's claim that counsel was ineffective because of a conflict of interest is a "colorable" claim. If the allegation is true, that would establish a constitutional basis for post-conviction relief. See Cuyler v. Sullivan, 446 U.S. 335 (1980).

4

The petitioner's claim of new evidence of innocence would not entitle him to relief. See generally Tenn. Code Ann. § 40-30-217(a)(2). Yet the allegation that the petitioner has A+ blood type instead of A does not indicate innocence. An A+ blood type is, of course, the same as an A type. In a related issue, the petitioner claimed the state's use of the blood type evidence was illegal and thus a separate ground for post-conviction relief. There was, of course, nothing illegal about characterizing the type as A rather than A+.

Furthermore, the claim of "illegal gathering and control of evidence by the victim" also fails to state a colorable claim. There are simply not enough facts alleged. The new statute requires a "full disclosure of the factual basis of [the] ground[.]". Tenn. Code Ann. § 40-30-206(d). In our view, the claim regarding the chain of evidence is also lacking a factual basis. Id. Because a claim regarding the chain of evidence was litigated on direct appeal, the issue may be barred as having been previously determined. See Jones, slip op. at 7. Previous determination occurs when a "court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn. Code Ann. § 40-30-206(h). Claims which have been previously determined may not form the basis for post-conviction relief. Tenn. Code Ann. § 40-30-206(f).

Because an ineffective assistance of counsel claim is colorable, preliminary dismissal was inappropriate. The cause must, therefore, be remanded for the appointment of counsel and an evidentiary hearing. See Tenn. Code Ann. § 40-30-207(b)(1) (if the cause is not dismissed upon preliminary consideration and the petitioner is indigent, "the court shall appoint counsel to represent the petitioner").

5

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
John Everett Williams, Judge