IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2001

## JOSEPH A. MAINE v. STATE OF TENNESSEE

**Appeal as of Right from the Circuit Court for Cocke County**
**No. 25, 599-II     Richard R. Vance, Judge**

_____

**No. E2000-01813-CCA-R3-PC**
**April 19, 2001**
_____

On May 12, 1998, the petitioner, Joseph A. Maine, pled guilty in the Cocke County Circuit Court to one count of first degree murder and one count of conspiracy to commit first degree murder. The trial court sentenced the petitioner to life imprisonment in the Tennessee Department of Correction for the murder conviction and to twenty-five years incarceration in the Department for the conspiracy conviction. The petitioner filed a pro se petition for post-conviction relief alleging that his convictions were based upon unlawful guilty pleas, that his convictions were based on a violation of the privilege against self-incrimination, and that his plea counsel was ineffective. The post-conviction court appointed counsel, and an amended petition was filed contending that the petitioner was misinformed about his release eligibility date. The post-conviction court dismissed the petition for relief without holding an evidentiary hearing, and the petitioner appeals that dismissal. Upon review of the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand this case for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Terry E. Hurst, Newport, Tennessee, for the appellant, Joseph A. Maine.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Counsel for the State; Alfred C. Schmutzer, Jr., District Attorney General; James B. Dunn and Ronald C. Newcomb, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On May 12, 1998, the petitioner, Joseph A. Maine, pled guilty in the Cocke County Circuit Court to the first degree murder of Amy King and to conspiracy to commit the first degree

murder of Amy King. The trial court sentenced the petitioner, as a standard Range I offender, to life imprisonment in the Tennessee Department of Correction for the murder conviction and to twenty-five years incarceration in the Department for the conspiracy conviction. The trial court informed the petitioner that he would be required to serve a minimum of twenty-five years in confinement before becoming eligible for release and advised the petitioner that there were no guarantees that he would be released at that time. The petitioner informed the trial court that he understood the terms of the guilty plea, and the trial court accepted the guilty plea.

Subsequently, the petitioner filed a pro se petition for post-conviction relief baldly alleging that his convictions were based upon unlawful guilty pleas, that his convictions were based on a violation of the privilege against self-incrimination, and that his plea counsel was ineffective. The petitioner offered no facts or argument in support of his claims other than cursory allegations that he "was under to[o] much mental problems." The post-conviction court appointed counsel, and counsel filed a short amended petition contending that the petitioner was misinformed about his release eligibility date. The petitioner alleged that both his plea counsel and the District Attorney General told him that he would be eligible for release after service of twenty-five years of his sentence, but "upon arriving in the State [penitentiary] he was informed by the Department of Correction[] that his sentencing eligibility date is September 20, 2057."[1] The post-conviction court dismissed the petition without a hearing, concluding that the petitioner had failed to state a claim upon which post-conviction relief could be granted. On appeal, the petitioner argues that the post-conviction court erred by dismissing his petition for post-conviction relief without holding an evidentiary hearing.

## II. Analysis

Because the petitioner initiated his post-conviction proceeding after May 10, 1995, he must prove all of his factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). Unless the evidence preponderates otherwise, this court is bound by the post-conviction court's factual findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). Moreover, the post-conviction court resolves all questions pertaining to the credibility of witnesses and the weight and value to be attributed to their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Accordingly, we may not re-weigh or reevaluate the evidence or substitute our inferences for those drawn by the post-conviction court. Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999).

Initially, we note that post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997). Additionally, Tenn. Code Ann. § 40-30-206 (1997) provides:

> (d) The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the

---

[1] This release eligibility date means that the petitioner would serve approximately sixty years in confinement before becoming eligible for release.

factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition . . . or the petition will be dismissed.

(e) If a petition amended in accordance with subsection (d) is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel. The court may appoint counsel [and]. . . [c]ounsel may file an amended petition. . . .

(f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief . . . the petition shall be dismissed.

The sole issue before us on appeal is whether the post-conviction court erred by dismissing the petitioner's petition for post-conviction relief without holding an evidentiary hearing. In his pro se petition for post-conviction relief, the petitioner alleged that his convictions were based upon unlawful guilty pleas, that his convictions were based on a violation of the privilege against self-incrimination, and that his plea counsel was ineffective.

The petitioner offered few facts and no argument in support of his allegations. After considering the merits of the petitioner's pro se petition and upon finding that the petitioner was indigent and in need of counsel, the post-conviction court appointed counsel to assist the petitioner in drafting an amended petition that would clarify and specify the petitioner's arguments. In this one page amended petition, petitioner's counsel contends only that the petitioner was misinformed about his potential release eligibility date. While the amended petition does allege limited facts, the amended petition does not clearly state which argument(s) for post-conviction relief the alleged facts support. Because the petitions for post-conviction relief have been so poorly drafted, it is unclear what the petitioner intended to argue.

The facts contained in the petitions appear to support a claim of involuntary and unknowing guilty pleas because of the misinformation about the petitioner's release eligibility date; however, it is unclear if these facts are also argued to support other allegations. This court has noted that "a failure to correctly inform the [petitioner] about parole eligibility dates, without more, would not be a basis for post-conviction relief." James Bryant Weston v. State, No. 03C01-9612-CR-00484, 1998 WL 133834, at *1 (Tenn. Crim. App. at Knoxville, March 25, 1998). This is because "a prisoner has no constitutional right to conditional release prior to expiration of his sentence." Luther Robert Brown, III v. State, No. E1999-02290-CCA-R3-CD, 2001 WL 177056, at *2 (Tenn. Crim. App. at Knoxville, February 23, 2001); see also James R. Miller v. State, No. 03C01-9608-CR-00288, 1997 WL 625282, at *2 n. 2 (Tenn. Crim. App. at Knoxville, October 10, 1997)(stating that "[r]elease eligibility for a felon establishes only eligibility for release and is not an absolute

right"). However, as then Judge Paul G. Summers noted, incorrect information concerning the petitioner's release eligibility date "may be evidence that his pleas were involuntary and unknowing." See Weston, No. 03C01-9612-CR-00484, 1998 WL 133834, at *1.

Consequently, we find that, if the facts from the record and those alleged in the petition for post-conviction relief are taken as true, as they must be prior to dismissal without an evidentiary hearing, then the petitioner has presented a colorable claim for post-conviction relief. See Tenn. Code Ann. § 40-30-206(f).

Generally, upon presenting a colorable claim for relief, "even when it is unlikely that a petitioner could adequately establish the violation of his constitutional rights, the new post-conviction statute contemplates and due process requires that he at least be afforded the opportunity." Waite v. State, 948 S.W.2d 283, 285 (Tenn. Crim. App. 1997). Therefore, we reverse the judgment of the post-conviction court dismissing the petition and remand this case for an evidentiary hearing.

### III. Conclusion

Based upon the forgoing, we reverse the post-conviction court's dismissal of the petition for post-conviction relief and remand this case for an evidentiary hearing. Upon the return of the case to the trial court, counsel of record shall be allowed to withdraw, and the trial court shall appoint new counsel to represent the petitioner.

_____
NORMA McGEE OGLE, JUDGE

-4-