IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2004

**CARL JOHNSON v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26265     Joseph B. Dailey, Judge**

_____

**No. W2003-02760-CCA-R3-PC  - Filed January 25, 2005**

_____

The petitioner, Carl Johnson, was convicted by a jury in the Shelby County Criminal Court of especially aggravated robbery, and he received a sentence of twenty-five years in the Tennessee Department of Correction.  Subsequently, the petitioner filed for post-conviction relief, alleging numerous instances of ineffective assistance of counsel.  The post-conviction court dismissed the petition without conducting a full evidentiary hearing.  The petitioner now appeals the dismissal of his petition.  Upon our review of the record and the parties' briefs, we reverse the post-conviction court's dismissal of the petition and remand for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Lance R. Chism, Memphis, Tennessee, for the appellant, Carl Johnson.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy Weirich, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In 1999, the petitioner was convicted of especially aggravated robbery.  Briefly, the facts adduced at trial revealed that

> [o]n August 29, 1998, [the petitioner and his co-defendant, Derrick
> Sutton,] and two female acquaintances, Treasy Alsobrook and Toshia
> Rainey, developed a plan to rob the victim when he arrived at Ms.

Alsobrook's house later that evening for a date. The evidence further showed that in the early morning hours of August 30, 1998, the defendants executed the plan, robbing the victim as he sat in his car waiting for Ms. Alsobrook and shooting him twice as he fled from the car.

State v. Carl Johnson, No. W2000-00278-CCA-R3-CD, 2001 WL 1335110, at *1 (Tenn. Crim. App. at Jackson, Apr. 4, 2001). On direct appeal, this court affirmed the petitioner's conviction. Id.

Thereafter, the petitioner timely filed a petition for post-conviction relief, alleging several grounds for relief. The petitioner's chief complaint was that his trial counsel was ineffective. Specifically, the petitioner alleged that counsel was ineffective by failing to request that the trial court instruct the jury on aggravated assault as a lesser-included offense of especially aggravated robbery. Additionally, the petitioner contended that counsel was ineffective in failing to pursue a judgment of acquittal based upon State v. Owens, 20 S.W.3d 634 (Tenn. 2000), arguing that "the violence in this case came after the actual theft of property." Further, counsel failed to raise either of these issues on appeal. At the post-conviction evidentiary hearing, the petitioner reiterated his grounds for relief, emphasizing the lesser-included offense instruction issue and the Owens issue. The post-conviction court stated:

> I just think it's a misplaced effort to make these arguments [concerning lesser-included offense instructions and Owens] at a post-conviction petition such as this. This is not the place – the time or place to make these arguments. If they were to have been made, they should have been made at the time of trial or on appeal and failing that, the Court of Appeals could have recognized them and taken action on its own. But this is simply not a continued appeal.

In sum, the post-conviction court dismissed the petitioner's complaints of counsel's ineffectiveness regarding lesser-included offense instructions and Owens without conducting a full evidentiary hearing as to these issues, finding that the issues raised had been waived or previously addressed. The petitioner appeals the dismissal.

## II. Analysis

The Post-Conviction Procedure Act of 1995 provides that a post-conviction petition "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d) (2003). A bare allegation that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings. Id. Moreover, failure to state a factual basis for the grounds alleged will result in immediate dismissal of the petition. Id. In the event of a dismissal, the trial court shall file an order dismissing the petition within thirty days of the filing of the petition. See Tenn. Code Ann. § 40-30-106(a). The order of dismissal shall set forth the court's conclusions

of law.  See Tenn. Code Ann. § 40-30-106(f).  We will review the post-conviction court's determinations de novo.  See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

In Burnett, our supreme court explained the process which a post-conviction court should use to determine whether a post-conviction petition should be dismissed without a hearing.  Id.  First, the post-conviction court should consider the petition to determine whether the petition asserts a colorable claim.  Id.  A colorable claim is "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'"  Id. (quoting Tenn. Sup. Ct. R. 28 § 2(H)).  If the facts alleged, taken as true, do not state a colorable claim, the petition should be dismissed.  See Tenn. Code Ann. § 40-30-106(f); see also Waite v. State, 948 S.W.2d 283, 284 (Tenn. Crim. App. 1997).

In its order dismissing the petition, the post-conviction court stated:

> As to the complaints that allege that the trial judge failed to charge certain lesser included offenses and other principles of law, those matters were or should have been raised on direct appeal and are not the proper subject of a post-conviction relief petition.  As to the remaining complaints regarding the conduct of trial counsel, . . . it is this Court's opinion that [counsel] represented his client zealously, and thoroughly, and extremely competently.  That his client did not obtain the results that he wanted is not a factor in assessing the effectiveness of trial counsel.

Before we begin our analysis, it is noteworthy that the petitioner raised several instances of ineffective assistance of counsel in his post-conviction petitions.  Yet, on appeal, the petitioner has preserved only his complaints regarding the ineffectiveness of counsel regarding lesser-included offense instructions and Owens.  With that constraint in mind, we observe that the post-conviction court stated that a "full and complete hearing" had been held regarding the petitioner's claims. However, as we have previously related, the record reflects that the post-conviction court found the claims of ineffective assistance based on counsel's failure to request a charge on lesser-included offense instructions and counsel's failure to raise the Owens issue were "not the proper subject of a post-conviction relief petition," denying the petition without conducting an evidentiary hearing as to those issues.[1]

Additionally, the post-conviction court reasoned that the petitioner had "waived" his issues regarding lesser-included offense instructions and Owens for failure to raise those issues on direct appeal.  Significantly, the petitioner's complaints do not involve the issues themselves; rather, the petitioner's complaints relate to counsel's ineffectiveness in failing to properly pursue and preserve his issues involving lesser-included offense instructions and Owens.  See Howard Eugene Buchanan

---

[1] We note that the petitioner was allowed an opportunity for a full hearing as to all other issues raised in his post-conviction petition.

v. State, No. M2003-01815-CCA-R3-PC, 2004 WL 1114589, at *5 (Tenn. Crim. App. at Nashville, May 19, 2004), perm. to appeal denied, (Tenn. 2004). Accordingly, we conclude that the petitioner has not waived his ineffective assistance of counsel claim.

Further, the post-conviction court repeatedly stated that the petitioner's issues regarding lesser-included offense instructions and Owens had been previously determined by this court's failure to sua sponte find error in the petitioner's trial during our examination of his case on direct appeal. Specifically, the post-conviction court stated, "[I]f it were obvious prejudice, the Court of Appeals would have taken some action. See, we've gone past their review. They've shown willingness in the past repeatedly to step in and send cases back for retrial when they feel as though prejudice existed."

Clearly, issues that have been previously determined cannot support a basis for post-conviction relief. See Tenn. Code Ann. § 40-30-106(f); Harris v. State, 947 S.W.2d 156, 174 (Tenn. Crim. App. 1996). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." Tenn. Code Ann. § 40-30-106(h). In the instant case, the post-conviction court dismissed the petitioner's claims without allowing the petitioner to present evidence. Therefore, because the petitioner's ineffective assistance complaints have not been tested by the crucible of proof, his complaints have not been previously determined.

Additionally, we observe that in order to survive summary dismissal, a petitioner is not required to *prove* any claim in his petition; instead, a petitioner need only *allege* a colorable claim. See Shazel v. State, 966 S.W.2d 414, 415-16 (Tenn. 1998) ("There obviously is an important distinction between the right to *seek* relief in a post-conviction proceeding and the right to *have* relief in a post-conviction proceeding."). Ordinarily, a petitioner is required to prove his claims by clear and convincing evidence at an evidentiary hearing. However, a hearing on these issues did not take place in the instant case.

Further, it appears that the post-conviction court dismissed the petition after determining that the petitioner would be unable to prevail following an evidentiary hearing. See Roosevelt Malone v. State, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App. at Knoxville, May 16, 2003). We note that the ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing. Id.; see also Tenn. Code Ann. § 40-30-106(b)-(d). The petitioner alleged that his counsel was ineffective regarding lesser-included offense instructions and Owens. Typically, ineffective assistance is a colorable ground for post-conviction relief. Moreover, the petitioner offered factual support for his complaints of ineffective assistance. Accordingly, without making any determinations on the merits of the petitioner's complaints, we conclude that the post-conviction court should have allowed the petitioner to fully present his claims. See Waite, 948 S.W.2d at 285; Amin Shabazz v. State, No. M2002-01302-CCA-R3-PC, 2003 WL 354511, at *2 (Tenn. Crim. App. at Nashville, Feb. 14, 2003).

-4-

Finally, we note that the petitioner filed a supplemental brief in this case, arguing that the sentence imposed upon the petitioner violated the strictures of the recently released Supreme Court opinion Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004), which opinion appears to impact the validity of Tennessee's current sentencing scheme. See State v. Julius E. Smith, No. E2003-01059-CCA-R3-CD, 2004 WL 1606998, at *4 (Tenn. Crim. App. at Knoxville, July 19, 2004). In fact, a panel of this court has determined that Blakely "establishes a new rule in this state." State v. Chester Wayne Walters, No. M2003-03019-CCA-R3-CD, 2004 WL 2726034, at *20 (Tenn. Crim. App. at Nashville, Nov. 30, 2004). Based upon Walters, the petitioner contends that he is entitled to relief based upon the retroactivity test announced in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989), for new "watershed rule[s] of criminal procedure." However, this court has recently determined that Blakely does not establish a new watershed rule, concluding that Blakely does not apply retroactively to cases on collateral appeal. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App. at Jackson, Dec. 21, 2004). Thus, the petitioner is not entitled to relief on this issue.

### III.  Conclusion

Based upon the foregoing, we reverse the judgment of the post-conviction court and remand for an evidentiary hearing solely on the petitioner's complaint of the ineffectiveness of counsel regarding lesser-included offense instructions and Owens.

_____
NORMA McGEE OGLE, JUDGE