# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 26, 2025

## CHARLES R. JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Anderson County**
**No. B3C0129A     Zachary R. Walden, Judge**

FILED

MAR 20 2025

Clerk of the Appellate Courts
Rec'd by _____

## No. E2024-00769-CCA-R3-PC

After being convicted of several drug offenses, Charles R. Johnson, Petitioner, was sentenced to an effective thirty-year sentence. *State v. Johnson*, No. E2021-01106-CCA-R3-CD, 2023 WL 3535344, at *1 (Tenn. Crim. App. May 18, 2023), *no perm. app. filed.* Petitioner's direct appeal was unsuccessful. He sought post-conviction relief by filing a pro se petition in which he argued that trial counsel was ineffective and that his due process rights were violated in various ways. The post-conviction court summarily dismissed the petition without appointment of counsel. On appeal, Petitioner argues that the post-conviction court improperly dismissed the petition. After a review, we affirm the post-conviction court's summary dismissal of Petitioner's standalone due process claims. However, we reverse and remand the post-conviction court's summary dismissal of Petitioner's claims of ineffective assistance of counsel without appointment of counsel or a hearing. Consequently, the judgment of the post-conviction court is affirmed in part, reversed in part, and remanded. On remand, the post-conviction court should appoint counsel for Petitioner, allow Petitioner to amend his pro se petition, and hold a hearing on the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded.**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which MATTHEW J. WILSON, J. and W. MARK WARD, SP. J., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee (on appeal), for the appellant, Charles R. Johnson.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Dave Clark, District Attorney General; and Brian M. Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

After a jury trial, Petitioner was found guilty of one count of possession with intent to sell or deliver heroin within 1,000 feet of a drug free school zone; possession of more than fourteen grams of marijuana with intent to sell or deliver; and possession of drug paraphernalia. *Id.* Petitioner received an effective thirty-year sentence to be served in confinement. *Id.* On direct appeal, Petitioner raised various issues, including arguing that: (1) the passage of over five years between the trial and the hearing on his motion for new trial violated his right to due process; (2) the search warrant was invalid; (3) the untimely "constructive amendment" of the indictment rendered it invalid; (4) the evidence was insufficient to support his convictions, and the State committed prosecutorial misconduct; and (5) he received ineffective assistance of counsel. *Id.* at *1-2.

This Court determined that Petitioner did not suffer prejudice by the delay in the trial and the hearing on the motion for new trial. Moreover, Petitioner waived any issue with respect to the search warrant for failing to raise it in a pre-trial motion to suppress or in his motion for new trial. *Id.* This Court also determined that there was no prejudice to Petitioner where he consented to the amendment of the indictment, and that Petitioner waived the issues challenging the sufficiency of the evidence and improper prosecutorial argument for failure to adequately brief those issues. *Id.* at *6-7. As to the claim of ineffective assistance of counsel, this Court deemed the issue waived because there was no evidence presented at the hearing on the motion for new trial to support the claim but commented that Petitioner was not "precluded from raising the issue again in an appropriate post-conviction proceeding." *Id.* at *7. Petitioner did not seek permission to appeal to the Tennessee Supreme Court.

In a timely pro se petition for post-conviction relief, Petitioner argued that he received ineffective assistance of counsel because counsel: (1) failed to object during trial, move to dismiss, and/or preserve a claim for appeal about the "cash seized" by raising it in a motion for new trial; (2) failed to challenge the exclusion of African Americans from the jury at trial or on appeal; and (3) failed to object to Petitioner's arrest without a warrant or challenge Petitioner's arrest on the basis of the Fourth Amendment. Petitioner also raised several standalone claims, including arguments that: (1) his Sixth Amendment rights were violated because the "State deliberately systematically excluded blacks from the jury selection"; (2) the State committed improper prosecutorial argument during closing by "misleading" the jury with "banned evidence" and "false testimony"; (3) the trial court violated Petitioner's right to a fair trial by refusing to exclude testimony regarding the money or funds due to the State's failure to maintain or authenticate chain of custody; and

- 2 -

(4) the money seized during execution of the search warrant was the "fruit of the poisonous tree" and not admissible.

The State responded to the petition, arguing that it was "defective" for failing to comply with Tennessee Code Annotated sections 40-30-104(d) and 40-30-104(e), and that the trial court should dismiss the petition because it failed to state a factual basis for the grounds alleged. In the alternative, the State argued that many of the issues raised in the petition were "barred by statute" because they could have been raised during trial, in the motion for new trial, and/or on direct appeal. Petitioner filed a "Uniform Civil Affidavit of Indigency" with his petition for post-conviction relief.

The post-conviction court, without granting Petitioner leave to amend the petition, appointing an attorney, or holding a hearing, summarily dismissed the petition pursuant to Tennessee Code Annotated section 40-30-106(d) for failing to "include clear and specific statements of grounds upon which relief is sought" and failure "to include a full disclosure of factual basis of those grounds." The post-conviction court noted that Petitioner "previously waived his right to counsel after his motion for new trial hearing" and "represented himself" on appeal. The post-conviction court also acknowledged that Petitioner filed an unsuccessful petition for writ of habeas corpus.

Petitioner appealed to this Court. He asked for appointment of counsel on appeal. Initially, this Court denied the request for counsel because the pro se motion was filed prior to the appellate record and this Court could not determine whether appointment of counsel was required. After the record was filed in this Court, Petitioner's pro se motion for appointment of counsel was granted. Counsel was appointed for appeal purposes and counsel filed a brief on Petitioner's behalf.

*Analysis*

On appeal, Petitioner argues that the post-conviction court erred by summarily dismissing the petition "on the grounds that the petition contained 'bare allegations and mere conclusions.'" Specifically, Petitioner argues that the pro se petition states a colorable claim of ineffective assistance of counsel, pointing out that the petition alleged that: (1) trial counsel failed to object during trial, move to dismiss, or preserve the issue for appeal where the cash seized from Petitioner was ruled inadmissible at a pre-trial hearing; (2) trial counsel failed to object to the exclusion of African Americans from the jury; and (3) trial counsel failed to challenge the warrantless arrest or move for dismissal of the prosecution. Moreover, Petitioner argues that the standalone due process claims are subject to waiver for failure to present them at an appropriate time but, to the extent Petitioner alleges trial counsel was ineffective for failing to make objections on the standalone due process claims, the issues would still be subject to post-conviction review. The State

- 3 -

argues that the post-conviction court properly dismissed the standalone claims but agrees that the post-conviction court erred in summarily dismissing the Petitioner's claims of ineffective assistance of counsel without appointment of counsel or a hearing.

An appellate court's review of a summary denial of a petition for post-conviction relief is de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (citing *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002)). Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. Petitions for post-conviction relief must include a "specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." *Id.* § 40-30-106(d). A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. *Id.* Upon receipt of a petition for post-conviction relief, the post-conviction court conducts a preliminary review to "determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2). A colorable claim is one "that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief. . . ." *Id.* § 2(H). If a petition fails to state a colorable claim, the post-conviction court must dismiss the petition. *Id.* §§ 5(F)(5), 6(B)(4)(a); *see also* T.C.A. § 40-30-106(d) (where the factual allegations within a petition, "taken as true, fail to show that the petitioner is entitled to relief . . . , the petition shall be dismissed").

However, if a petition is filed pro se, then the post-conviction court *may* grant the petitioner an opportunity to amend the petition to properly allege a colorable claim. T.C.A. § 40-30-106(d). If the pro se petition remains incomplete after a chance to amend, the post-conviction court may then appoint counsel for an indigent petitioner. T.C.A. § 40-30-106(e). Although the decision to afford an opportunity to amend or to appoint counsel to help complete the petition is within the discretion of the post-conviction court, a post-conviction court does not have the authority to dismiss a pro se petition "for failure to follow the prescribed form until the court has given [the] petitioner a reasonable opportunity to amend the petition with the assistance of counsel." Tenn. Sup. Ct. R. 28, § 6(B)(4)(b). Further, if the post-conviction court determines that the pro se petition of an indigent states a colorable claim for relief, the petitioner is entitled to the assistance of appointed counsel. *Id.* § 6(B)(3)(a); *see also* T.C.A. § 40-30-107.

When making a colorable claim determination, the post-conviction court should look only to the factual allegations in the petition. This remains true even though a petitioner's factual allegations "may be exceedingly difficult to prove" or "it is unlikely that a petitioner could adequately establish the violation of his constitutional rights." *Waite v. State*, 948 S.W.2d 283, 285 (Tenn. Crim. App. 1997). A pro se petition is held to a less

- 4 -

rigorous standard than a formal pleading drafted by an attorney. *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993).

Here, the post-conviction court reviewed the petition and determined that Petitioner's "bare allegations" were without merit and failed to "include a full disclosure of factual basis of those grounds" precluding "further proceedings," especially considering Petitioner's previous waiver of his right to counsel and self-representation on appeal. In our view, Petitioner filed a timely petition for post-conviction relief that, while ineptly drafted, made several allegations of ineffective assistance of counsel and several standalone due process claims.

With respect to the standalone due process claims, we affirm the judgment of the post-conviction court. A claim should be summarily dismissed when it is clear from the petition that the petitioner is not entitled to relief. *Givens*, 702 S.W.2d at 580. A claim is waived for post-conviction review if the petition failed to present it on direct review despite the ability to do so. T.C.A. § 40-30-106(g). Petitioner had ample opportunity to challenge the makeup of the jury, the opening and closing arguments, and the admissibility of evidence on direct appeal and chose not to do so. These claims were properly summarily dismissed. Petitioner's claim that the State committed improper prosecutorial argument was raised on direct appeal and waived for inadequate briefing on the issue. *Johnson*, 2023 WL 33535344, at*1, 6. Because the issue was waived on direct appeal, it is also waived for purposes of post-conviction review. *Kendricks v. State*, 13 S.W.3d 401, 404 (Tenn. Crim. App. 1999).

As to claims of ineffective assistance of counsel, however, Petitioner alleged that trial counsel failed to object to the introduction of seized cash at trial, failed to challenge the racial makeup of the jury, and failed to challenge Petitioner's warrantless arrest. When the post-conviction court received the petition, rather than taking the allegations at face value, the post-conviction court concluded that the claims were not supported by facts. If a pro se petition states a colorable claim, "dismissal without appointment of counsel to draft a competent petition is rarely proper." *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988) (citing *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975)). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." *Id.* (citing T.C.A. §§ 40-30-104, -107, -115). Here, the post-conviction court should have appointed counsel and permitted Petitioner to file an amended petition. After that point, a hearing should have been held on the petition at which time Petitioner could present proof. For those reasons, we must reverse the judgment of the post-conviction court with respect to the allegations of ineffective assistance of counsel and remand for appointment of counsel if Petitioner is determined to be indigent. Thereafter, Petitioner shall be permitted to file an amended petition and this matter should proceed to an evidentiary hearing as provided by statute.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed in part (with respect to the standalone claims), reversed in part (with respect to the claims of ineffective assistance of counsel), and the case is remanded for further proceedings consistent with this opinion. On remand, the post-conviction court should determine whether Petitioner is indigent. If Petitioner is indigent, the post-conviction court should appoint counsel and allow for an amended petition prior to a hearing.

s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE